FILED

August 17, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

PAUL EDWARD HENRY, et ux,          ) C/A NO. 03A01-9804-CH-00121
ELIZABETH ANN HENRY,               )
                                   ) KNOX CHANCERY
        Plaintiffs-Appellants,     )
                                   ) HON. FREDERICK D. McDONALD,
v.                                 ) CHANCELLOR
                                   )
NOVA, INC.,                        ) AFFIRMED
                                   ) AND
        Defendant-Appellee.        ) REMANDED

DONALD E. OVERTON and GLENNA W. OVERTON, OVERTON & OVERTON, Knoxville, for Plaintiffs-Appellants.

BEECHER A. BARTLETT, JR., KRAMER, RAYSON, LEAKE, RODGERS & MORGAN, Knoxville, for Defendant-Appellee.

**O P I N I O N**

Franks, J.

In this action, plaintiffs sued defendant for "money damages" on the grounds of "misrepresentation, mutual mistake, breach of warranty and negligence regarding the purchase of a new residence" from defendant. The recision of the sale was also sought.

The Chancellor granted defendant summary judgment, stating:

[T]he plaintiffs have testified by affidavit that about one month after

closing on September 29, 1993, they noticed a large, swift stream flowing through their back yard. Therefore, the Court finds that plaintiffs' cause of action accrued approximately one month after September 29, 1993, and suit filed by plaintiffs on March 10, 1997 is barred by the statute of limitations.

Plaintiffs have raised several issues which may be condensed into two issues for consideration. First, they insist that the four-year implied warranty recognized in *Dixon v. Mountain City Construction,* 632 S.W.2d 538 (Tenn. 1982), is applicable to the facts of this case, and that the statute of limitations does not bar their action for fraud, misrepresentation, negligence and violation of the Consumer Protection Act.

The record establishes that plaintiffs purchased a newly-constructed residence from defendant on September 29, 1993. At the time of purchase plaintiffs received a "new home limited warranty" for a period extending from September 19, 1993 through September 29, 1994. Approximately one month after closing, plaintiffs noticed a large swift stream flowing through their back yard, and complained to the defendant about the flooding problem, pursuant to the express warranty. Defendant made attempts in March and May of 1994 to correct the flooding problem by constructing a swale, but the property continued to flood.

On the authority of *Dixon*, plaintiffs argue that they are entitled to rely on an implied warranty of good workmanship, materials and fitness for habitation, which would extend for four years. However, the *Dixon* Court limited implied warranties to sales "only when the written contract is silent" and held that vendors and purchasers were free to contract in writing for a warranty upon different terms and conditions or to expressly disclaim any warranty. In this case, the written warranty provided by defendant to plaintiffs is styled "a new home limited warranty" and the first paragraph thereof states in bold letters:

THIS WARRANTY IS IN LIEU OF ANY AND ALL OTHER WARRANTIES, WHETHER EXPRESS OR IMPLIED

WARRANTIES OF HABITABILITY OR MERCHANTABILITY.

and sets forth the specific matters warrantied, and that it was for a one-year period from the date of transfer of title or of the owners taking physical possession, whichever was first. The written one-year express warranty in this case was a part of the contract of sale. Plaintiffs accepted this warranty at closing, without protest, and subsequently relied on the warranty in making claims against the seller. The contractual warranty clearly disclaimed all other warranties, including implied warranties viable in *Dixon*. Accordingly, the implied warranty pursuant to T.C.A. §47-2-725 for a period of four years was rendered inapplicable by the contract of the parties, which effectively limited the warranties to those expressed in the written contract.

The gravamen of the complaint is essentially for money damages, and it is alleged that "the fair market value of plaintiffs' property has either been destroyed or has a fair market value far less than the purchase price". The applicable statute of limitations for actions for injury to real property is T.C.A. §28-3-105, and requires that such actions must be brought within three years. In *Prescott v. Adams*, 627 S.W.2d 134 (Tenn. App. 1982) the plaintiff had sued for recovery on theories of fraud, misrepresentation, negligence, breach of fiduciary duty and breach of implied warranties and rescission of the contract. The *Prescott* Court held:

> Since the gravamen of the complaint in this case is for damages to real property, we think all of the theories advanced by the plaintiffs are governed by the three-year statute of limitations. (Emphasis supplied).

*Id.* p. 137.

Since this action was filed more than three years after the "discovery" of the damage to plaintiffs' property, we hold the statute of limitations bars this action, and the judgment of the Chancery Court is affirmed.

The cause is remanded with costs of the appeal assessed to appellants.

3

_____
Herschel P. Franks, J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
Don T. McMurray, J.